Filed 8/28/14  P. v. Adams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065000 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD247754) |
| RONNIE WILLIAMS ADAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Ehyerabide, Judge.  Affirmed.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant Ronnie Williams Adams appeals from a judgment following his plea of guilty to one count of failing to register as a sex offender, and his admission that he has suffered four prior strike convictions.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Adams was convicted on June 13, 1984 of two offenses that required lifetime registration as a sex offender.[1]  On March 27, 2013, San Diego police officer Danielle Spilker-Wilson assisted Adams in filling out police form No. 8102, the form for sex registrants.  Adams registered himself as a "transient" on the form.  After checking the databases, Officer Spilker-Wilson determined that Adams had been registering as a transient from June 29, 2010 through 2013.

Adams did not seem to fit the profile of a transient.  Adams had listed Kaiser Permanente as his employer.  Officer Spilker-Wilson contacted Kaiser Permanente regarding Adams's address.  According to Adams's personnel file, he had listed his address as 9060 Gramercy Drive, No. 33.  Officer Spilker-Wilson contacted the apartment manager at the Gramercy Apartments at 9072 Gramercy Drive.  The apartment manager said that Adams lived in an apartment there, and had been living there for quite some time, in apartment 33.

---

[1]     Because Adams pled guilty, we take these facts from the evidence presented at the preliminary hearing.

2

On April 23, 2013, Adams again registered himself with the police as a "transient" in the area of Ruffin Road and Aero Drive. At that point, Adams was taken into custody.

After being advised of his *Miranda*[2] rights, Adams admitted that he lived in the apartment on Gramercy Drive. He acknowledged that he knew about the requirement that he register as a sex offender, but explained that it was difficult for a person subject to the sex registration requirements to rent an apartment.

Adams had apparently originally signed an 18-month lease at the Gramercy Apartments on October 15, 2010, and had been living there after the expiration of the original lease period on a month-to-month basis.

Adams had otherwise complied with his sex-registration requirements from 1999 until 2010.

The San Diego County District Attorney filed a felony complaint charging Adams with one count of failing to register as a sex offender (Pen. Code, § 290.018, subd. (b); count 1). The complaint also alleged that Adams had suffered four strike priors (Pen. Code, §§ 667, subds. (b) through (i), 1170.12). Following a preliminary hearing, the complaint was deemed an information. Adams entered a plea of not guilty.

Adams subsequently pled guilty to count 1 and admitted having suffered the four strike priors.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

At sentencing, the trial court granted Adams's request to dismiss three of the strike priors, but denied the request as to the fourth. The court sentenced Adams to the low term of 16 months, which the court doubled to 32 months based on the strike.

Adams filed a timely notice of appeal.

## III.

## DISCUSSION

Adams's appointed counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal of the judgment, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel identifies the following as a possible, but not arguable, issue for our review:

> "Did the trial court abuse its discretion in declining appellant's request to dismiss the fourth strike prior?"

We granted Adams permission to file a supplemental brief on his own behalf, but he has not responded. A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Adams has been competently represented by counsel on this appeal.

4

IV.

DISPOSITION

The judgment is affirmed.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.